FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2007 JUL 16  P 3: 45

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JOHN CHRISTIE,<br>Director of Children & Families<br>London Borough of Brent<br>Brent Town Hall Avenue<br>Forty Lane<br>Wembley<br>HA9 9HD<br><br>    Petitioner,<br><br>v.<br><br>NAFISATU WILLIAMS<br>7252 Fairchild Drive<br>Apartment 201<br>Alexandria, Virginia 22306<br><br>and<br><br>HARRY WILLIAMS<br>7252 Fairchild Drive<br>Apartment 201<br>Alexandria, Virginia 22306<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*LMB / TCB*

Case No. *1:07 CV 682*

## EMERGENCY VERIFIED PETITION FOR WARRANT OF ARREST
## IN LIEU OF WRIT OF HABEAS CORPUS AND
## PETITION FOR RETURN OF CHILDREN TO ENGLAND

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 42 U.S.C. 11601 et seq.**

### I. Preamble

1. As a result of the recent unlawful retention by the Respondents of the Respondents' two (2) children in the United States from the jurisdiction of the United Kingdom, this Verified Complaint is brought pursuant to The Convention on the Civil Aspects of

1

International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act[2] (hereinafter "ICARA"). The Convention came into effect in the United States of America on July 1, 1988 and was also ratified between the United States of America and the United Kingdom on July 1, 1988.

2.    The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1.[3]

## II. Jurisdiction

3.    This Court has jurisdiction pursuant to 42 U.S.C. § 11603 (2001)[4] and because this case involves the retention of children under the age of sixteen in the United States and away from their habitual residence of England.[5]

---

[1] T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10,493 (1986).

[2] (2001). ICARA was created to deal with the sudden abduction of children and to allow a petitioner to assert his or her rights in exigent circumstances. See Distler v. Distler, 26 F. Supp. 2d 723, 727 (D.N.J. 1998).

[3] As has been stated by other courts addressing Hague cases, the Convention therefore authorizes a federal district court to determine the merits of the abduction claim but does not allow it to consider the merits of any underlying custody dispute. Morris v. Morris, 55 F. Supp. 2d 1156, 1160 (D. Colo. 1999) (recognizing that "[p]ursuant to Article 19 of the Convention, [this Court has] no power to pass on the merits of custody"); see also Currier v. Currier, 845 F. Supp. 916 (D. N.H. 1994) citing Friedrich v. Friedrich, 983 F.2d 1396, 1399 (6th Cir. 1993); Meredith v. Meredith, 759 F. Supp. 1432, 1434 (D. Ariz. 1991). The court's role is not to make traditional custody decisions but to determine in what *jurisdiction* the children should be physically located so that the proper jurisdiction can make those custody decisions. Loos v. Manuel, 651 A.2d 1077 (N.J. Super. Ct. Ch. Div. 1994).

[4] A court considering an ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute. The Hague Convention is intended to restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court. Lops v. Lops, 140 F.3d 927, 936 (11th Cir. 1998) (citations omitted); Barrios Gil

### III.  Status of Petitioner and Children

4.      The Respondents Nafisatu Williams ("Ms. Williams") and Harry Williams ("Mr. Williams") are the parents of H.W., date of birth May 1, 1994, and S.W., date of birth April 4, 2002 (collectively "the children"). Copies of the children's birth certificates are attached hereto as **Exhibit A**. As a result of sexual and emotional abuse perpetrated by Harry Williams, Her Honour Pearlman, sitting as a High Court Justice, In the Principal Registry of the Family Division, entered an Interim Care Order on September 29, 2006. Pursuant to the Children Act, 1989 such an Order granted to the Borough of Brent parental responsibility for the children. Children Act 1989, Part IV, 31 (1), (11). This Interim Care Order has been renewed on numerous occasions and remains in effect as of today's date. True and correct copies of the September 29, 2006 Interim Care Order and the Renewal Orders are attached hereto collectively as **Exhibit B**. As more fully set forth below, Respondents have wrongfully retained the children in the United States on October 25, 2006, following notice that the children were subject to the Interim Care Order. Respondents' actions are in violation of the English court orders and in particular the Borough of Brent's parental responsibility rights,[6] which is a right of custody under Article 5 of the Convention.[7]

---

v. Rodriguez, 184 F. Supp. 2d 1221, 1224 (M.D. Fla. 2002)

[5]  Toren v. Toren, 191 F. 3d 23 (1999).

[6] In English law, under section 3(1) Children Act 1989, Parental Responsibility " . . . means all the rights, duties, powers, responsibilities and authority, which by law a parent of a child has in relation to the child and his property".

[7]  The contempt of the Interim Care Order in the context of the English court proceeding is also a wrongful retention and a breach of The Borough of Brent's rights of custody pursuant to Article 5 of the Convention and the rights of custody of the High Court of Justice. Cf. Fawcett v. McRoberts, 326 F.3d 491 (2003), *cert. denied,* 540 U.S. 1068, 124 S.Ct. 805, 157 L.Ed.2d 732, 72 USLW 3148, 72 USLW 3367, 72 USLW 3373 (U.S. Dec 01, 2003) (NO. 03-261).

5.  The Convention applies to cases where a child under the age of sixteen (16) years has been removed from his or her habitual residence[8] in breach of rights of custody of a petitioner, which the petitioner had been exercising at the time of the wrongful removal[9] or wrongful retention[10] of the child.

---

[8] "Courts in both the United States and foreign jurisdictions have defined habitual residence as the place where [the child] has been physically present for an amount of time sufficient for acclimatization and which has a degree of settled purpose for the child's perspective." Pesin v. Rodriguez, 77 F. Supp. 2d 1277, 1284 (S.D. Fla. 1999) (citations omitted), aff'd, Pesin v. Rodriguez, 244 F.3d 1250 (11th Cir. 2001); Morris, 55 F. Supp. 2d at 1161 ("the law requires [the Court] to focus on the child in determining habitual residence"); see also In re Robinson, 938 F. Supp. 1339, 1341-42 (D. Colo. 1997). It is a state of being or state of mind. Habitual residence is the permanent physical residence of the children as distinguished from their legal residence or domicile. In Re Bates, No. CA 122-89, High Court of Justice, Family Div., England, February 23, 1989; Brook v. Willis, 907 F. Supp. 57, 61 (S.D.N.Y. 1995); Loos, 651 A.2d at 1080 (stating that it is immaterial that the concept of habitual residence lacks precision); see also T.B. v. J.B., 2000 WL 1881251, at *1 (Supreme Court of Judicature, England, December 19, 2000) (stating that it is important to remember that the Convention is concerned with the return of children to the country of their habitual residence and not with their return to any particular person).

[9] "Article 3 of the Hague Convention provides that the removal or retention of a child is wrongful where it violates the custody rights of another person that were actually being exercised at the time of the removal or retention or would have been exercised but for the removal or retention." Lops, 140 F.3d at 935: "[t]he removal of a child from the country of his or her habitual residence is 'wrongful' under the Hague Convention if a person in that country is, or would otherwise be, exercising custody rights to the child under that country's law at the moment of removal." Friedrich v. Friedrich, 78 F.3d 1060, 1064 (6th Cir. 1996); see also Prevot v. Prevot, 59 F.3d 556 (6th Cir. 1995); Convention, art. 3.

[10] "Wrongful retention" occurs when it is in breach of rights of custody attributed to a person under the law of the country in which the child was habitually resident immediately before the retention; and at the time of retention these rights were actually exercised, or would have been so exercised, but for the wrongful retention. Convention, art. 3; Feder, 63 F.3d at 225; Wanninger v. Wanninger, 850 F. Supp. 78, 80-81 (D. Mass. 1994).

6.     At the time of the Respondents' retention of the children (as specifically set forth in Part IV below), the Borough of Brent was actually exercising custody rights within the meaning of Articles Three and Five of the Convention,[11] in that it has been granted parental responsibility by the English court and exercised parental responsibility with respect to the children. Furthermore, the children were habitually residing in England within the meaning of Article 3 of the Convention from their birth until the Respondents' unlawful relocation of the children to the United States in the autumn of 2006, shortly before the unlawful retention of the children on October 25, 2006. See Paragraph 12, infra.

7.     The Borough of Brent has requested the return of the children to England pursuant to its Request for Return, a copy of which is attached hereto and incorporated herein as Exhibit D.[12]  The Request for Return has been filed with the United States Department of State and the National Center for Missing and Exploited Children ("NCMEC"), the Central Authority of the United States of America under the Convention.

8.     Both children are under the age of 16.  At the time immediately before the wrongful retention of the children in the United States, the children habitually resided in England within the meaning of Article 3 of the Convention.  Obviously, at the time of the Borough of

---

[11]  The issue of "custody" must be addressed under English law. Pesin, 77 F. Supp. 2d at 1284; see also Whallon v. Lynn, 230 F.3d 450 (1st Cir. 2000); Friedrich v. Friedrich, 983 F.2d at 1402; Ohlander v. Larson, 114 F.3d 1531, 1541 (10th Cir. 1997) (stating that the Convention was meant, in part, to lend priority to the custody determination hailing from the child's state of habitual residence. Pursuant to Article 14 of the Convention, this Court "may take notice directly of the law of . . . the State of the habitual residence of the child, without recourse to the specific procedures for the proof of that law . . . ."). See also Fed. R. Civ. P. 44.1. Copies of the Children Act 1989 and the Child Abduction Act 1984 are attached hereto, incorporated herein and specifically relied upon for this proceeding as Exhibit D.

[12]  Given the urgency of this Hague Convention Petition, no authentication of any documents or information included with the Petition is required.  42 U.S.C. § 11605 (1995).

Brent's application to the Central Authority of the United States of America, it was located in the contracting state of the United Kingdom.

## IV. Wrongful Retention of Children by Respondents

9.     At the time of the wrongful retention, the Borough of Brent had and continues to have rights of custody under English law in terms of the Children Act 1989 (the "Act") and the Child Abduction Act 1984 (the "CAA") and certain statutory instruments, copies of which are attached hereto and incorporated herein as **Exhibit C**. Specifically, Part IV, section 31(1) of the Act states that

> [o]n the application of any local authority or authorised person, the court may make an order – (a) placing the child with respect to whom the application is made into the care of a designated local authority.

In the instant case, the English court has placed the children in the care of the Borough of Brent by way of the Interim Care Order. The significance of such an order is crystallized when reading Part IV, section 31(11) of the Act in conjunction with Part IV, section 33(3) of the Act:

> In this act "a care order" means (subject to section 105(1)) an order under subsection (1)(a) and (except where provision to the contrary is made) includes an interim care order . . . .
>
>         * * *
>
> While a care order is in force with respect to a child, the local authority designated by the order shall
>
> (a) have parental responsibility for the child;

Children Act 1989, section 31(11); 33(3).

10.     The High Court placed the children in the care of the Borough of Brent as a result of alleged serious acts of violence and abuse perpetrated against the children. Specifically, Respondent Harry Williams has been charged with the rape of minor child H. W. Moreover, it is alleged that on April 3, 2006, Respondent Harry Williams held the family hostage for two days

and in the process hit and kicked the minor child H. W.  It is further alleged that Respondent Harry Williams sexually assaulted and raped Respondent Nafisatu Williams.

11.      The retention of the children in the United States is in violation of the Act and CAA and is a wrongful retention within the meaning of Articles 3 and 5 of the Convention.

12.      On October 25, 2006, Luthando Ndayi, a social worker for the Social Care Division Brent Children and Families Department provided notice to Ms. Williams of the Interim Care Order, its contents and the requirement that she immediately return the minor children to England.  See Affidavit of Luthando Ndayi, attached hereto as **Exhibit D**.  In response, Ms. Williams appeared angry and informed Ms. Ndayi that she did not appreciate the Local Authority's involvement stating "who the hell do you think you are to tell me about my house, my children are my responsibility, I do not need you in my family affair, you have turned my life upside down and complicated my life." Id. Ms. Williams further stated that she had changed her mind about returning to the UK and that she will ask family members to screen telephone calls to prevent further contact from the Local Authority. Id.

13.      The Borough of Brent has undertaken significant efforts to locate the minor children over the past nine months and has followed leads in New Jersey and Maryland before finally locating the family in Virginia in late June 2007.  The Virginia State Police confirmed the presence of the family at their present address on June 29, 2007.  The Borough of Brent has since that time worked with the National Center for Missing and Exploited Children and retained counsel to seek the return of the minor children.

14.      The Borough of Brent has never acquiesced or consented to the retention of the children outside of England.

15.     The Borough of Brent has had no contact with the children since their wrongful retention in the United States.

## V. Provisional and Emergency Remedies[13]

16.     The Borough of Brent requests that this Court issue a Warrant of Arrest to be executed by the United States Marshal and Ordering the United States Marshal for the Eastern District of Virginia to:

A) forthwith transmit a copy of the Court's Order and serve it upon Harry Williams and Nafisatu Williams, together with the instant Petition and accompanying Exhibits;

B) execute the Order and Warrant by immediately arresting the persons of H. W., S. W., date of birth April 4, 2002, Harry Williams and Nafisatu Williams, and by immediately transporting the children to Mr. Jim Grogan or Ms. Elizabeth Spell, Child Protective Services, 12011 Government Center Parkway, Fairfax, VA 22035, (703) 324-7400, or the After Hours Unit of Child Protective Services, 12011 Government Center Parkway, Fairfax, VA 22035 (703) 324-7400;

C) search the premises of Harry Williams and Nafisatu Williams, or any other place where Harry Williams and Nafisatu Williams, are reasonably believed to be present, for the purpose of determining whether the children are present.[14]

---

[13]   This Court "[i]n furtherance of the objectives of . . . the Convention . . . may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C. 11604 (1995).

[14]   Such a Petition may also be treated as an application for a Writ of Habeas Corpus itself. Zajaczkowski v. Zajaczkowska, 932 F. Supp. 128, 132 (D.Md. 1996) ("[T]he Court will treat the [Convention] petition as an application for a writ of habeas corpus . . . pursuant to 28 U.S.C.A. § 2243"); see also In re McCullough, 4 F. Supp. 2d 411 (W. D. Penn. 1998).

17.     Upon arresting and transporting H W. and S.W. to Mr. Jim Grogan, Ms. Elizabeth Spell, or the After Hours Unit of Child Protective Services, Petitioner requests a further Order that the Virginia Department of Social Services, Child Protective Services place the minor children in temporary shelter care and/or care of a foster home that has been determined to be suitable for the children.

18.     Pursuant to 42 U.S.C. § 11604 of ICARA in a proceeding for the return of a child, "[n]o court exercising jurisdiction . . . may . . . order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C. § 11604 (2001). In this case, the State law referred to is that of Virginia. In Virginia, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") is the source for statutory law governing, *inter alia*, the resolution of both domestic and international child custody disputes.    Virginia Code, Domestic Relations, §20-146.01 *et seq*.    Virginia law addresses the appearance of the parties and the child in such cases in §20-146.21 of the UCCJEA. That section authorizes this Court to order the appearance of the child and custodian or custodians *together*. Id. This Court therefore has the authority to issue a show cause order, ordering the appearance of the Respondents in that the provisions of 42 U.S.C. §11604 can be met.

19.     In the alternative to a warrant of arrest, and to minimize the flight risk posed by Respondents, The Borough of Brent respectfully requests that the Court enter an Order (1) prohibiting the removal of the minor children from the jurisdiction of this Court until this Court orders otherwise; (2) directing Mr. and Ms. Williams immediately to surrender to this Court any and all passports and travel documents they may possess for themselves and/or the minor children; (3) directing that the Court and the Borough of Brent be notified in advance of any

9

change in residence of the children; and (4) granting The Borough of Brent and its counsel reasonable access to the minor children wherever they may be found to confirm their presence in the Eastern District of Virginia.

## VI.  Relief Requested

20.    **WHEREFORE**, Petitioner, the Borough of Brent, respectfully requests the following relief:

a.    an Order directing that the names of the children be entered into the national police computer system (N.C.I.C.) missing person section;

b.    an Order directing a prompt return of the children to their habitual residence of England;

c.    an Order directing the United States Marshall to take the minor children into custody in order to prevent further retention or removal of the minor children by the Respondents as set forth in ¶¶ 16-17, *supra*; or

d.    an Order (1) prohibiting the removal of the minor children from the jurisdiction of this Court until this Court orders otherwise; (2) directing Mr. and Ms. Williams immediately to surrender to this Court any and all passports and travel documents they may possess for themselves and/or the minor children; (3) directing that the Court and the Borough of Brent be notified in advance of any change in residence of the children; and (4) granting The Borough of Brent and its counsel reasonable access to the minor children wherever they may be found to confirm their presence in the Eastern District of Virginia.

e.    an Order directing Respondents to pay The Borough of Brent's legal costs and fees; and

f.    any such further relief as justice and its cause may require.

## VII.  Notice of Hearing

21.    Pursuant to 42 U.S.C. § 11603(c), Respondents will be given notice of any hearing in accordance with § 20-146.16 of the UCCJEA.[15]

---

[15]  The Convention itself does not specify any specific notice requirements.  ICARA provides that notice be given in accordance with the applicable law governing notice in interstate child custody proceedings.  42 U.S.C. § 11603(c).  In the United States, the Parental Kidnapping Prevention Act ("PKPA") and the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") govern

**VIII. Attorneys' Fees and Costs Including Transportation Expenses Pursuant to Convention Article 26 and U.S.C. 11607**

22.     The Borough of Brent has incurred substantial expenses as a result of the wrongful retention of the children by Respondents.  Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful retention.

23.     Petitioner respectfully requests that this Court award all legal costs and fees incurred to date as required by 42 U.S.C. 11607, reserving jurisdiction over further expenses.

**IX.     Declaration Pursuant to Uniform Child Custody Jurisdiction and Enforcement Act**

24.     The details regarding the children that are required to be provided under the UCCJEA are as follows:

• The present address of the children is omitted from this pleading pursuant to Local Rule 7(C).

• Prior to the removal of the children from the United Kingdom, their addresses for the last 5 years have been as follows: September 2006 to October 25, 2006, 46 Winding Wood, Apartment 2b, Sayerville, NJ 08872, September 2006, 12 Bath Terrace, Rockingham

---

notice in interstate child custody proceedings. <u>Klam v. Klam</u>, 797 F. Supp. 202, 205 (E.D.N.Y. 1992). The UCCJEA and Part (e) of the PKPA provide that reasonable notice and opportunity to be heard must be given to all parties before a custody determination is made.  Section 20-146.16 of the UCCJEA further provides that notice shall be given in a manner reasonably calculated to give actual notice. In Virginia, the relevant statute is found in this State's UCCJEA.  The Notice section provides, in pertinent part, that "notice and an opportunity to be heard in accordance with the standards of § 20-146.7 must be given to all persons entitled to notice under the laws of this Commonwealth as in child custody proceedings between residents of this Commonwealth, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.." <u>Id.</u>   In turn, § 20-146.7 provides that notice "may be given in a manner prescribed by the law of this Commonwealth for service of process or by the law of the state in which the service is attempted or made. Notice may also be by certified or registered mail, return receipt requested, addressed to the last known address of the person to be served. Notice must be given in a manner reasonably calculated to give actual notice and an opportunity to be heard but may be by publication pursuant to §§ 8.01-316 and 8.01-317 if other means are not effective." Furthermore, in cases where flight of a respondent is at issue, federal courts have allowed substituted service in any manner reasonably effective to give the respondent notice of the suit. <u>Ingram v. Ingram</u>, 463 So.2d 932, 936 (La.App. 1985).

Estate, London SE1, United Kingdom, June 2006 until approximately September 2006, 103 Airco Close, Queensbury, London NW9 0NX, United Kingdom.  Prior to June 2006, and for an unknown period of time, the children resided at 37 Raffles Court, Kings Drive, Edgware, HA8 8BG, United Kingdom.  No further address information is available.

- The Borough of Brent has participated as a party in the English litigation set forth in the attached Exhibits concerning the well being of the minor children.

- Other than the English litigation set forth in the attached Exhibits, the Borough of Brent does not have information of any custody proceeding concerning the children pending in any other court of this or any other State.

- The Borough of Brent does not know of any person or institution not a party to the proceedings who has physical custody of the children or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with, the children.

## VERIFICATION

I, Matthew Taylor, for the Borough Solicitor, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America, that the contents of the foregoing Verified Complaint are true to the best of my knowledge, information and belief.

_13/07/07_
Date

BOROUGH OF BRENT
By _____
_for the Borough Solicitor_

12

Christopher E. Brown, Esquire (VSB #72765)
Miles & Stockbridge P.C.
1751 Pinnacle Drive
Suite 500
McLean, Virginia 22102
(703) 903-9000
(703) 610-8686 (fax)
cebrown@milesstockbridge.com

-and-

Stephen J. Cullen, Esquire
*pro hac vice* (pending)
Jeffrey M. Geller, Esquire
*pro hac vice* (pending)
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
jgeller@milesstockbridge.com

*Attorneys for Petitioner*



06/11 2606 18:43 FAX 020 8937 4703          BRENT CSS WEST                    ⌀010

**BW 288345**

## CERTIFIED COPY  OF AN ENTRY
### Pursuant to the Births and   Deaths Registration Act 1953

| **BIRTH** | | Entry No.   255 |
|---|---|---|

| Registration district  Camden | Administrative area |
|---|---|
| Sub-district   Camden | London Borough of Camden |

| 1. | Date and place of birth | **CHILD** | | |
|---|---|---|---|---|
| | ▓▓▓▓▓▓ Royal Free Hospital Camden | | | |
| 2. | Name and surname | | | **3. Sex** |
| | S▓▓▓▓▓▓▓W▓▓▓▓ | | | Male |

| 4. | Name and surname | **FATHER** |
|---|---|---|
| | Harry Sorba WILLIAMS | |

| 5. Place of birth | 6. Occupation |
|---|---|
| Sierra Leone | Business Executive |

| 7. | Name and surname | **MOTHER** |
|---|---|---|
| | Nafisatu WILLIAMS | |

| 8.(a) Place of birth | 8.(b) Occupation |
|---|---|
| Sierra Leone | Catering Assistant |

| 9.(a) Maiden surname | 9.(b) Surname at marriage if different from maiden surname |
|---|---|
| BANGURA | |

| 10. | Usual address (if different from place of child's birth) |
|---|---|
| | 37 Raffles Court Kings Drive Edgware Middlesex |

| 11. Name and surname (if not the mother or father)  **INFORMANT** | 12. Qualification |
|---|---|
| | Mother |

| 13. | Usual address (if different from that in 10 above) |
|---|---|
| | |

| 14. | I certify that the particulars entered above are true to the best of my knowledge and belief | Signature of informant |
|---|---|---|
| | N Williams    by declaration dated 16th April 2002 | |

| 15. Date of registration | 16. Signature of registrar |
|---|---|
| Twenty-second April 2002 | B Malcolm-Thomas Registrar |

| 17. | Name given after registration, and surname |
|---|---|
| | |

Certified to be a true copy of an entry in a register in my custody.

   {Deper.   *Superintendent Registrar
                                *Registrar
                        *Strike out whichever does not apply

Date **30·10·06**

CAUTION: THERE ARE OFFENCES RELATING TO FALSIFYING OR ALTERING A CERTIFICATE AND USING
OR POSSESSING A FALSE CERTIFICATE. ©CROWN COPYRIGHT
WARNING: A CERTIFICATE IS NOT EVIDENCE OF IDENTITY.

06/11 2006 18:43 FAX 020 8937 4703          BRENT CSS WEST                          ☑011

CERTIFIED COPY  OF AN ENTRY                    BW 067801
Pursuant to the Births and          Deaths Registration Act 1953

| BIRTH | Entry No. 247 |
|---|---|

Registration district _Westminster_          Administrative area

Sub-district _Westminster_          _City of Westminster_

1. Date and place of birth          **CHILD**

_St. Mary's Hospital Praed Street, Westminster_

2. Name and surname          H▓▓▓▓ W▓▓▓▓▓▓          3. Sex _Female_

4. Name and surname          **FATHER**          _Harry WILLIAMS_

5. Place of birth _Sierra Leone_          6. Occupation _Computerised Technician_

7. Name and surname          **MOTHER**          _Nafisatu WILLIAMS_

8.(a) Place of birth _Sierra Leone_          8.(b) Occupation _Catering Assistant_

9.(a) Maiden surname _BANGURA_          9.(b) Surname at marriage if different from maiden surname

10. Usual address (if different from place of child's birth) _Flat 486, 1001 Park West, Kendal Street W2._

11. Name and surname (if not the mother or father)          **INFORMANT**          12. Qualification _Mother_

13. Usual address (if different from that in 10 above) _76 Currie House, Abbott Road E14._

14. I certify that the particulars entered above are true to the best of my knowledge and belief          _N Williams_          Signature of informant

15. Date of registration _Tenth November 1999 on the authority of the Registrar General_          16. Signature of registrar _Green Karin Lekka Registrar_

17. Name given after registration and surname

Certified to be a true copy of an entry in a register in my custody.

_____ {Deputy} *Superintendent Registrar *Registrar          Date 30·10·06
*Strike out whichever does not apply

CAUTION: THERE ARE OFFENCES RELATING TO FALSIFYING OR ALTERING A CERTIFICATE AND USING OR POSSESSING A FALSE CERTIFICATE. ©CROWN COPYRIGHT
WARNING: A CERTIFICATE IS NOT EVIDENCE OF IDENTITY.

# B

07/06/2007 10:12 FAX  7032742122          NCMEC INTERNATIONAL                      ☑009/045
14/11 2006 08:10 FAX                              → NCMEC                              ☑008/044



## In The Principal Registry of the Family Division

Case Number: FD06C00593

| Order | Interim Care Order |
|---|---|
| | Section 38 Children Act 1989 |

| The full names of the children | Boy or Girl | Dates of Birth |
|---|---|---|
| H███ W███ | Girl | ██████████ |
| S███ W███ | Boy | ██████████ |

**The Court orders** that the children be placed in the care of London Borough of Brent

**This order expires** 27th October 2006

**The Court Directs** that the application be adjourned to 27th October 2006 at 10:30 am before a Circuit Judge in a court at Principal Registry of the Family Division, Royal Courts of Justice, The Strand, London, WC2A 2LL for consideration of the making of a further interim care order; if all parties consent to the making of a further interim order, the application may be dealt with in accordance with the postal procedure.

**Warning**

While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the children from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court.

However, the local authority, in whose care the children, may remove the children from the United Kingdom for a period of less than 1 month.

It may be a criminal offence under the Child Abduction Act 1984 to remove the children from the United Kingdom without the leave of the court.

**Ordered by**     HER HONOUR PEARLMAN (Sitting as a High Court Judge)

**on**             29th September 2006

B16



Case Number: FD06C00593

| Order | Interim Care Order |
|---|---|

### Section 38 Children Act 1989

| The full name(s) of the children | Boy or Girl | Date(s) of Birth |
|---|---|---|
| H█ W█ | Girl | ████████████ |
| S█████ W█████ | Boy | █████████████ |

**UPON HEARING** Counsel for the Plaintiff, The London Borough of Brent, Counsel on behalf of the Solicitor for the Children and Second Respondent Mr Harry Williams attending in person.

**IT IS ORDERED THAT:-**

The Children S█████ W█████, and H██ W████ be placed in the interim care of the London Borough of Brent, until the 21st November 2006.

Any application for the renewal of the interim order be adjourned to be heard by a Circuit Judge sitting at the Royal Courts of Justice, Strand, London, WC2A 2LL at 10:30am on the 21st November 2006. If all parties consent to the making of a further order then the matter be dealt with in accordance with the postal procedure.

| This order expires | 21st November 2006 |
|---|---|

| Warning | While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the child[ren] from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court. |
|---|---|
| | However, the local authority, in whose care the child[ren] is, may remove the child[ren] from the United Kingdom for a period of less than 1 month. |
| | It may be a criminal offence under the Child Abduction Act 1984 to remove the child[ren] from the United Kingdom without the leave of the court. |

| Ordered by | Mrs Justice PAUFFLEY |
|---|---|
| on | 24th October 2006 |

*[Stamp: Principal Registry of the Family Division   2 6 OCT 2006]*

C33 Interim Care Order
The Court Office at Principal Registry of The Family Division , First Avenue House, 42-49 High Holborn, London, WC1V 6NP  is open from 10:00 am until 4:30 PR on Mondays to Fridays. Please address all communications to the Court Manager and quote the case number.

83:

In the Principal Registry of the Family Division

Case Number: FD06C00593

# Order

## Interim Care Order
### Section 38 Children Act 1989

| The full name(s) of the children | Boy or Girl | Date(s) of Birth |
|---|---|---|
| H██ W██ | Girl | ████████ |
| S██ W██ | Boy | ████████ |

**The Court orders** that the children be placed in the care of London Borough of Brent

**This order expires** 19th December 2006

**The Court Directs** that the application be adjourned to 19th December 2006 at 10:30 am before a District Judge in a court at Principal Registry of the Family Division, First Avenue House, 42-49 High Holborn, London, WC1V 6NP for consideration of the making of a further interim care order; if all parties consent to the making of a further interim order, the application may be dealt with under the postal procedure.

**Warning** While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the child[ren] from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court.

However, the local authority, in whose care the child[ren] is, may remove the child[ren] from the United Kingdom for a period of less than 1 month.

It may be a criminal offence under the Child Abduction Act 1984 to remove the child[ren] from the United Kingdom without the leave of the court.

**Ordered by** District Judge Million

**on** 21st November 2006



C33 Interim Care Order
The Court Office at Principal Registry of The Family Division, First Avenue House, 42-49 High Holborn, London, WC1V 6NP is open from 10:00 am until 4:30 PR on Mondays to Fridays. Please address all communications to the Court Manager and quote the case number.


Case Number: FD06C00593

| Order | Interim Care Order |
|---|---|
| | Section 38 Children Act 1989 |

| The full name(s) of the children | Boy or Girl | Date(s) of Birth |
|---|---|---|
| H█ W█ | Girl | ████ |
| S█ W█ | Boy | |

**The Court orders**   that the children be placed in the care of London Borough of Brent

**This order expires**   16th January 2007

**The Court Directs**   that the application be adjourned to 16th January 2007 at 10:30 am before a District Judge in a court at Principal Registry of the Family Division, First Avenue House, 42-49 High Holborn, London, WC1V 6NP for consideration of the making of a further interim care order; if all parties consent to the making of a further interim order, the application may be dealt with without attendance, in accordance with the postal procedure.

**Warning**   While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the child[ren] from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court.

However, the local authority, in whose care the child[ren] is, may remove the child[ren] from the United Kingdom for a period of less than 1 month.

It may be a criminal offence under the Child Abduction Act 1984 to remove the child[ren] from the United Kingdom without the leave of the court.

**Ordered by**   District Judge Berry

**on**   19th December 2006



Case Number: FD06C00593

| Order | Interim Care Order |
|---|---|

Section 38 Children Act 1989

| The full name(s) of the children | Boy or Girl | Date(s) of Birth |
|---|---|---|
| H ▓ W▓▓▓▓ | Girl | ▓▓▓▓▓ |
| S▓▓ W▓▓▓▓ | Boy | |

**By Consent**

**The Court orders** that the children be placed in the care of London Borough of Brent

**This order expires** 13th February 2007

**The Court Directs** that the application be adjourned to 13th February 2007 at 10:30 am before a Circuit Judge in a court at Royal Courts of Justice, The Strand, London, WC2A 2LL for consideration of the making of a further interim care order; if all parties consent to the making of a further interim order, the application may be dealt with without attendance, in accordance with the postal procedure.

**Warning**

While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the child[ren] from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court.

However, the local authority, in whose care the child[ren] is, may remove the child[ren] from the United Kingdom for a period of less than 1 month.

It may be a criminal offence under the Child Abduction Act 1984 to remove the child[ren] from the United Kingdom without the leave of the court.

**Ordered by** Her Honour Judge Pearlman

**on** 16th January 2007

0 2 FEB 2007

C33 Interim Care Order
The Court Office at Principal Registry of The Family Division, First Avenue House, 42-49 High Holborn, London, WC1V 6NP is open from 10:00 am until 4:30 PR on Mondays to Fridays. Please address all communications to the Court Manager and quote the case number.


Case Number: FD06C00593

| Order | Interim Care Order |
|---|---|
| | Section 38 Children Act 1989 |

| The full name(s) of the children | Boy or Girl | Date(s) of Birth |
|---|---|---|
|  H  W | Girl |  |
| S   W | Boy | |

**By Consent**

**The Court orders**   that the children be placed in the care of London Borough of Brent

**This order expires**   13th March 2007

**The Court Directs**   that the application be adjourned to 13th March 2007 at 10:30 am before a Circuit Judge in a court at Royal Courts of Justice, The Strand, London, WC2A 2LL for consideration of the making of a further interim care order; if all parties consent to the making of a further interim order, the application may be dealt with without attendance, in accordance with the postal procedure.

**Warning**

While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the child[ren] from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court.

However, the local authority, in whose care the child[ren] is, may remove the child[ren] from the United Kingdom for a period of less than 1 month.

It may be a criminal offence under the Child Abduction Act 1984 to remove the child[ren] from the United Kingdom without the leave of the court.

**Ordered by**   Her Honour Judge Pearlman

**on**   13th February 2007

*[Court seal: Principal Registry of the Family Division — The High Court — 22 FEB 2007]*

Case Number: FD06C00593

| Order | Interim Care Order |
|---|---|
| | Section 38 Children Act 1989 |

| The full name(s) of the children | Boy or Girl | Date(s) of Birth |
|---|---|---|
| H▮ W▮ | Girl | |
| S▮ W▮ | Boy | |

**By Consent**

| The Court orders | that the children be placed in the care of London Borough of Brent |
|---|---|

| This order expires | 10th April 2007 |
|---|---|

| The Court Directs | that the application be adjourned to 10th April 2007 at 10:30 am before a Circuit Judge in a court at Royal Courts of Justice, The Strand, London, WC2A 2LL for consideration of the making of a further interim care order; if all parties consent to the making of a further interim order, the application may be dealt with without attendance, in accordance with the postal procedure. |
|---|---|

| Warning | While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the child[ren] from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court. |
|---|---|
| | However, the local authority, in whose care the child[ren] is, may remove the child[ren] from the United Kingdom for a period of less than 1 month. |
| | It may be a criminal offence under the Child Abduction Act 1984 to remove the child[ren] from the United Kingdom without the leave of the court. |

| Ordered by | Her Honour Judge Pearlman |
|---|---|

| on | 13th March 2007 |
|---|---|

- 5 APR 2007

Principal Registry of the Family Division of the High Court of Justice



**In The Principal Registry of the Family Division**

Case Number: FD06C00593

| Order | Interim Care Order |
|---|---|
| | Section 38 Children Act 1989 |

| The full name(s) of the children | Boy or Girl | Date(s) of Birth |
|---|---|---|
| H█ W████ | Girl | ████████ |
| S█ W██ | Boy | |

**By Consent**

**The Court orders** — that the children be placed in the care of London Borough of Brent

**This order expires** — 2nd July 2007

**The Court Directs** — that the application be adjourned to 2nd July 2007 at 10:30 am before a Circuit Judge in a court at Royal Courts of Justice, The Strand, London, WC2A 2LL for consideration of the making of a further interim care order; if all parties consent to the making of a further interim order, the application may be dealt with without attendance, in accordance with the postal procedure.

**Warning** — While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the child[ren] from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court.

However, the local authority, in whose care the child[ren] is, may remove the child[ren] from the United Kingdom for a period of less than 1 month.

It may be a criminal offence under the Child Abduction Act 1984 to remove the child[ren] from the United Kingdom without the leave of the court.

**Ordered by** — His Honour Judge Turner

**on** — 4th June 2007



In The Principal Registry of the Family Division

Case Number: FD06C00593

| Order | Interim Care Order |
|---|---|
| | Section 38 Children Act 1989 |

| The full name(s) of the children | Boy or Girl | Date(s) of Birth |
|---|---|---|
| H█ W█ | Girl | |
| S█ W█ | Boy | |

**By Consent**

**The Court orders** that the children be placed in the care of London Borough of Brent

**This order expires** 30th July 2007

**The Court Directs** that the application be adjourned to 30th July 2007 at 10:30 am before a Circuit Judge in a court at Royal Courts of Justice, The Strand, London, WC2A 2LL for consideration of the making of a further interim care order; if all parties consent to the making of a further interim order, the application may be dealt with without attendance, in accordance with the postal procedure.

**Warning**

While a Care Order is in force no person may cause the child[ren] to be known by a new surname or remove the child[ren] from the United Kingdom without the written consent of every person with parental responsibility for the children or the leave of the court.

However, the local authority, in whose care the child[ren] is, may remove the child[ren] from the United Kingdom for a period of less than 1 month.

It may be a criminal offence under the Child Abduction Act 1984 to remove the child[ren] from the United Kingdom without the leave of the court.

**Ordered by** His Honour Judge Horowitz

**on** 2nd July 2007

C53  Interim Care Order
The Court Office at Principal Registry of The Family Division , First Avenue House, 42-49 High Holborn, London, WC1V 6NP  is open from 10:00 am until 4:30 PM on Mondays to Fridays. Please address all communications to the Court Manager and quote the case number.

Tel: 0207 947 6000       Fax:       Printed By: M.CLARK       Page No:  1 :